101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James E. WILLIAMS, II, Plaintiff-Appellant,
v.
Cynthia Rice NATHAN, Defendant-Appellee.
 No. 95-9020.
 United States Court of Appeals, Second Circuit.
 June 13, 1996.
 
 1
 James E. Williams, II, pro se, New York City, for appellant.
 
 
 2
 Cynthia R. Nathan, pro se, Front Royal, VA, for appellee.
 
 
 3
 Before NEWMAN and JACOBS, Circuit Judges, and CHATIGNY,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by appellant pro se and submitted by appellee pro se.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 6
 James E. Williams appeals pro se from the judgment of the District Court, entered September 25, 1995, dismissing his complaint against Cynthia Rice Nathan for lack of personal jurisdiction. The lawsuit sought to plead a defamation claim, arising out of a real estate transaction between the parties.
 
 
 7
 The District Court ruled that Williams had not shown that Nathan engaged in purposeful activities in New York. The record fully supports the District Court's ruling.
 
 
 8
 Though a transfer under 28 U.S.C. § 1406(a) to the Eastern District of Virginia might have been ordered, the District Court was amply justified in concluding that William's tactics rendered it inappropriate to transfer this lawsuit.
 
 
 9
 William's motion to strike portions of Nathan's brief is denied.
 
 
 
 *
 Of the United States District Court for the District of Connecticut, sitting by designation